UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

First State Insurance Company,

    Plaintiff,

v.                                           Case No. 2:06-CV-13784

Thorstenberg Materials Co., Inc., *et al.,*      Hon. Sean F. Cox
_____/

**OPINION & ORDER
GRANTING DEFENDANTS' MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER JURISDICTION**

    This is an action for declaratory judgment wherein Plaintiff seeks a declaration to determine rights and responsibilities relating to certain insurance policies issued to a corporation. Plaintiff filed the action in federal court based upon diversity jurisdiction. The matter is currently before the Court on a Motion to Dismiss brought by two Defendants who claim to have their principal place of business in the same state as Plaintiff, thereby destroying diversity jurisdiction. The issues have been fully briefed by the parties and the Court heard oral argument on November 21, 2006. For the reasons that follow, Defendants' Motion to Dismiss shall be **GRANTED** and this action shall be dismissed for lack of subject matter jurisdiction.

**BACKGROUND**

    On August 25, 2006, Plaintiff First State Insurance Company ("First State") filed this action against: Thorstenberg Materials Co., Inc. ("Thorstenberg"); Holcim (US) Inc. ("Holcim"); Certain London Market Companies ("the London Companies"); Ace American Insurance Company ("Ace"); Indemnity Insurance Company of North America ("IICNA"); Insurance

Company of North America ("ICNA"); and Pacific Employers Insurance Company ("Pacific").

First State filed the action in federal court asserting that the Court has diversity jurisdiction. First State's complaint alleges that:

- First State is a Connecticut corporation with its principal place of business in Massachusetts.

- Thorstenberg is a Texas corporation with its principal place of business in Michigan.

- Holcim is a Delaware corporation with its principal place of business in Michigan.

- Ace, IICNA, ICNA and Pacific are Pennsylvania corporations with their principal places of business in Pennsylvania.

On September 14, 2006, Defendants Holcim and Thorstenberg filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction in which they assert that the Court does not have subject matter jurisdiction over this matter. Defendants contend that contrary to the allegations in Plaintiff's complaint, Holcim and Thorstenberg, like Plaintiff, have their principal places of business in Massachusetts and are therefore considered citizens of Massachusetts.

## ANALYSIS

For purposes of determining diversity jurisdiction, a corporation can be a citizen of two states: 1) its state of incorporation; and 2) the state of its principal place of business. *Gafford v. General Electric Company*, 997 F.2d 150, 161 (6th Cir. 1993). For purposes of diversity, a corporation can have only one principal place of business. *Id.*

Here, First State's complaint alleges that both Holcim's and Thorstenberg's principal place of business is in Dundee, Michigan. Holcim and Thorstenberg then filed the instant Motion to Dismiss for Lack of Subject Matter Jurisdiction, pursuant to FED. R. CIV. P. 12(b)(1).

As the court explained in *Ohio National Life Ins. Co.*, Rule 12(b)(1) motions to dismiss

based on subject matter jurisdiction generally come in two varieties that have different standards for their review:

> A *facial* attack on the subject matter jurisdiction alleged by the complaint merely questions the sufficiency of the pleading. In reviewing such a facial attack, a trial court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss. On the other hand, when a court reviews a complaint under a *factual* attack, as here, no presumptive truthfulness applies to the factual allegations. Such a factual attack on subject matter jurisdiction commonly has been referred to as a 'speaking motion.' . . . When facts presented to the district court give rise to a factual controversy, the district court must therefore weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist. In reviewing these speaking motions, a trial court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts.

*Ohio National Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). Because Holcim and Thorstenberg's Motion to Dismiss is a "speaking motion" that makes a factual attack to diversity jurisdiction, it must be reviewed as such under the second standard discussed above.

The question of a corporation's principal place of business is essentially one of fact, to be determined on a case-by-case basis. *Id.* In *Gafford*, the Sixth Circuit directed "courts in this circuit to employ the total activity test, taking into consideration all relevant factors and weighing them in light of the facts of each case." *Gafford,* 997 F.2d at 163. The total "activity test" is a combination of the nerve center test, which emphasizes the location of the corporate headquarters, and the place of activity test, which emphasizes where the corporation has its production and service activities. *Id.* at 162; *Freeman v. Unisys Corp.*, 870 F.Supp. 169, 172 (E.D. Mich. 1994).

A.      Holcim's Principal Place Of Business Is In Massachusetts.

Defendants assert that Holcim's principal place of business is Massachusetts because its

3

operations are dispersed among several states and its headquarters and administrative control are located in Massachusetts. To establish that its operations are dispersed among several states, Holcim submits the affidavit of Susan Diehl, who is Vice President, General Counsel and Secretary for Holcim and President of Thorstenberg. (Diehl Aff. is attached as Ex. 1 to Defs.' Motion). She states the following in her affidavit:

- Holcim is one of the largest suppliers of portland and blended cements in the United States and its operations consist primarily of manufacturing and distributing cement.

- Holcim produces cement in 13 states, at 14 different plants.

- Less than 10% of the plants' total production capacity is based in Michigan.

- Holcim distributes its products to customers in more than 30 states and has more than 70 distribution terminals throughout the United States.

Diehl further states that Holcim's corporate headquarters are in Massachusetts, that most of its top executive officers are located there, and that nearly all decisions regarding corporate policy and executive control are made there. Holcim asserts that because its operations are dispersed among several states, its Massachusetts headquarters is a compelling factor and its principal place of business is Massachusetts.

In response to Defendants' Motion, First State asserts that Diehl's affidavit is contradicted by numerous public filings. First State attaches as exhibits several public filings in which Holcim identified its main business address or corporate headquarters as being in Michigan. (*See* Exs. A-F attached to Pl.'s Response). The documents included in those exhibits were filed between 1990 and 2001. First State asserts that the those documents show that Holcim and Thorstenberg have publicly held themselves out as having their principal place of business in Michigan. It further asserts that Holcim should be estopped from denying that

4

Michigan is its primary place of business. Plaintiffs cite and attach a 1998 decision (Ex. H) in which Holcim[1] filed an affidavit stating that its principal place of business was in Michigan. Plaintiff asserts that Holcim is therefore judicially estopped from taking a contrary position in this action.

In their Reply, Defendants correctly note that jurisdiction is to be determined at the time the suit is filed and explain that while Holcim's corporate headquarters/principal place was previously in Dundee, Michigan years ago, it changed its corporate headquarters/principal place of business to Waltham, Massachusetts in 2003 and 2004. (*See* Supp. Decl. from Diehl, stating that Holcim moved its corporate headquarters from Michigan to Massachusetts during 2003 and 2004, and that is reflected in its 2005 U.S. Corporation Income Tax Return and Holcim's marketing brochure which are attached). Holcim attaches several public filings from 2004, 2005 and 2006 that show its principal place of business is in Massachusetts.

*Gafford, supra,* and *Riggs v. Island Creek Coal Co.,* 542 F.2d 339, 342 (6th Cir. 1976), support Defendants' position that when a business has its operations dispersed over several states, "the corporation's headquarters assumes more significance as the compelling factor in the principal place of business test." *Riggs,* 542 F.2d at 342. Defendants have presented evidence that establishes that its business is dispersed over several states and that since 2004 its corporate headquarters has been in Massachusetts, where its key corporate officers are located and where its corporate decisions are made.

The only evidence that Plaintiff has submitted in an attempt to persuade the Court that Michigan is Holcim's principal place of business consists of outdated public documents from

---

[1] At the time it was known as Holnam, Inc.

1994-2004.  It is beyond question that a business can move its corporate headquarters.  *See, e.g., Riggs*, 542 F.2d at 342.  Plaintiffs have not presented any evidence to establish that, following the time Holcim finished moving its corporate headquarters to Massachusetts in 2004, it has filed any public documents or otherwise held itself out as having a principal place of business in Michigan.  Plaintiffs note that under *Gafford*, factors other than a corporation's headquarters can be considered, but do not specify what other factor or factors could weigh in favor of finding that Holcim's principal place of business is in Michigan.  Moreover, Plaintiff has not submitted any evidence concerning such factors for the Court's consideration.

Rather, Plaintiff asserts that the Court should permit it to engage in discovery so that it can examine Defendants' business operations.  However, Plaintiff has not provided any Sixth Circuit authority for that request.  Moreover, even if the Court has the discretion to grant discovery on the issue, the Court does not believe that discovery is warranted here.  The Court therefore denies Plaintiff's request for discovery and concludes that, based upon the evidence presented, Massachusetts is Holcim's current principal place of business, and that it was its principal place of business at the time that Plaintiff's complaint was filed.

Accordingly, because Plaintiff and Holcim are both considered citizens of the same state, diversity jurisdiction does not exist and this Court lacks subject matter jurisdiction over this matter.

B.      Thorstenberg's Principal Place Of Business Is Also In Massachusetts.

Defendants assert that Thorstenberg has no ongoing business operations, other than resolving its alleged liabilities, and all decisions regarding those activities are made by its President in Massachusetts.  Thus, they assert Massachusetts is also Thorstenberg's principal

place of business.

First State disputes that Thorstenberg's principal place of business is Massachusetts. Citing several cases from outside of the Sixth Circuit, it argues that the principal place of business of a non-operating corporation is either the place where it last did business or the place where the inactive corporation is incorporated. First State therefore asserts that the Court should determine that Thorstenberg's principal place of business is Texas.

There is a circuit split as to how to determine the principal place of business for an inactive corporation. *See Athena Automotive Inc. V. DiGregorio*, 166 F.3d 288 (4th Cir. 1999). The Second Circuit has concluded that an inactive corporation is a citizen of both the state of its incorporation and the state where it last transacted business. *See e.g., Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc*., 933 F.2d 131, 141 (2d Cir. 1991). The Third Circuit has concluded that an inactive corporation has no principal place of business and is therefore only a citizen of its state of incorporation. *See e.g., Midlantic Nat'l Bank v. Hansen*, 48 F.3d 693, 696 (3d Cir. 1995). The Fourth and Fifth Circuits have reached a conclusion that falls somewhere between the other two approaches and rejects a bright-line approach in favor of looking at all facts and circumstances presented in each case. *Athena, supra; Harris v. Black Clawson Co.*, 961 F.2d 547, 551 (5th Cir. 1992).

Given the Sixth Circuit's emphasis in *Gafford* that a corporation's principal place of business should be determined on a case-by-case basis, "taking into consideration all relevant factors," the Court believes the Sixth Circuit would likely adopt the later approach if presented with the issue.

As the court recognized in *Athena*, a "corporation's business does not usually end with

7

the abruptness of closing its doors," and a corporation's winding up of its business affairs may well constitute a significant activity and consume a considerable period of time." *Athena*, 166 F.3d 288 at 291.

Here, Diehl's affidavit establishes that Thorstenberg is a corporation in good standing, although it has sold its assets and is not currently engaging in manufacturing or sales. There is no evidence before the Court that it has dissolved or ceased all business activity. To the contrary, Thorstenberg is involved in litigation and settlement discussions as a result of its former operations. Diehl's affidavit states that for several years Thorstenberg has been attempting to resolve its liabilities through Diehl, Thorstenberg's President, in Massachusetts. The Court concludes that these facts and circumstances warrant a conclusion that Thorstenberg's principal place of business is in Massachusetts.

Accordingly, because Plaintiff and Thorstenberg are both considered citizens of the same state, diversity jurisdiction does not exist and this Court lacks subject matter jurisdiction over this matter.

## **CONCLUSION & ORDER**

For the reasons set forth above, **IT IS ORDERED** that Defendants' Motion to Dismiss is **GRANTED** and this action is **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.**

**IT IS SO ORDERED.**

                                                  S/Sean F. Cox
                                                  Sean F. Cox
                                                  United States District Judge

Dated:  December 26, 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

First State Insurance Company,

    Plaintiff,

v.                                                                         Case No. 2:06-CV-13784

Thorstenberg Materials Co., Inc., *et al.,*               Hon. Sean F. Cox
_____/

**PROOF OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon counsel of record on

December 26, 2006, by electronic and/or ordinary mail.

                                                      S/Jennifer Hernandez
                                                      Case Manager